**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**H. ALAN BURTON,**

              **Plaintiff,**

-vs-                                                **Case No. 6:06-cv-701-Orl-19JGG**

**CITY OF ORMOND BEACH, FLORIDA,**

              **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion of Plaintiff for Reconsideration and Reduction of Costs Taxed by the Clerk in Accordance with Defendant's Bill of Costs (Doc. No. 59, filed Nov. 8, 2007). Plaintiff was taxed in the amount of $5,113.32 after the Court entered judgment in favor of the Defendant. (Doc. No. 58, filed Nov. 6, 2007.) Plaintiff argues that Defendant: (1) did not itemize the $693.00 copying charge; (2) did not explain the charges for $330.17 provided by "The Presentation Group"; and (3) improperly taxed the Defendant's share of mediation costs. Defendant responds that its copying costs included $330.17 in outside copies by "The Presentation Group" and $693.00 for internal copies, which it charged at $0.35 per page. (Doc. No. 60, filed Nov. 19, 2007, at 3.) Defendant states that these copies were used in production requests, exhibits attached to motions, and trial preparation. Defendant also contends that mediation costs are recoverable as costs under 28 U.S.C. section 1920. (*Id.*)

Although Plaintiff filed an appeal on the merits, the Court retains jurisdiction to decide a motion for reconsideration of costs. *Scott v. K.W. Max Investments, Inc.*, No. 6:05-cv-683-Orl-18UAM, 2007 WL 2900354, at * 3-4 (M.D. Fla. Oct. 1, 2007). Photocopying costs are recoverable

under 28 U.S.C. section 1920, provided that the copies were "necessarily obtained for use in the case." *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Defendant's response explains that the copies were used for production requests, motions, and trial preparation. These copies were obtained for "use in the case" and therefore taxable under section 1920.

On the other hand, section 1920 does not specifically allow parties to tax the costs of mediation. *Dillon v. Axxsys Int'l, Inc.*, No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006). Moreover, the Case Management and Scheduling Order instructed the parties that mediation costs would be borne equally by the parties unless otherwise ordered. (Doc. No. 15, filed July 31, 2006, at 11.) Thus, there is no basis to tax Plaintiff $1,412.50 for Defendant's share of the mediation fees.

The Motion of Plaintiff for Reconsideration and Reduction of Costs Taxed by the Clerk in Accordance with Defendant's Bill of Costs (Doc. No. 59, filed Nov. 8, 2007) is **GRANTED** in part and **DENIED** in part. The Bill of Costs (Doc. No. 58) shall be reduced by $1,412.50, for a new total of $3700.82.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 29__, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record